UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV HARMONY," SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, and LOWERY MUSIC COMPANY, INC., a Georgia corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CAVS USA, INC., a California corporation, AARON K. HAN, Individually, CAVS MULTIMEDIA, INC., a Korean Corporation, ACE KARAOKE CORPORATION, a California corporation, DAVID SU, Individually, NUTECH DIGITAL, INC., a California Corporation d/b/a "NUTECH NIKKODO KARAOKE," d/b/a "KARAOKE KLUB," d/b/a "MAGIC TRACKS," d/b/a "NUTECH PARTY PAKS,"LEE KASPER, Individually, and THREE BOYS, LTD., a Cayman Island Corporation d/b/a "NUTECH PARTY PAKS" and d/b/a "NUTECH NIKKODO KARAOKE," <br><br> Defendants. | Case No. 3:08-0265 <br> Judge Echols |

## MEMORANDUM

In this copyright infringement and unfair competition action, the following Motions are pending before the Court: (1) Plaintiffs' "Motion to Consolidate Cases" (Docket Entry No. 22); (2) Plaintiffs' "Motion to Strike the Declaration of Aaron K. Han" (Docket Entry No. 31); Plaintiffs' "Motion for Expedited Discovery on Jurisdictional Issues and to Stay Defendants' Motion to

Dismiss" (Docket Entry No. 50); and (4) Defendant CAVS USA, Inc.'s and Defendant Aaron K. Han's "Motion to Dismiss under 12(b)(2) and (3); or in the Alternative to Dismiss or Transfer for Improper Venue Under 28 U.S.C. §§ 1391(b) and 1406(a); or Alternatively to Transfer Venue for Convenience Under 28 U.S.C. § 1404(a )" (Docket Entry No. 18). Those Motions have been fully briefed by the parties and are ripe for ruling.

## I. FACTUAL BACKGROUND

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§101 *et seq.* and for unfair competition under state law brought by Plaintiffs Sony/ATV Music Publishing LLC, Sony/ATV Tunes LLC, Sony/ATV Songs LLC, Sony/ATV Sounds LLC, Sony/ATV Discos Music Publishing LLC, Sony/ATV Latin Music Publishing (collectively "Sony/ATV")[1] and Lowery Music Company, Inc. ("Lowery Music"). The Sony/ATV Plaintiffs are all Delaware limited liability companies, while Lowery Music is a Georgia corporation.

The Defendants consist of both corporations and individuals. The corporate Defendants include CAVS USA, Inc., Ace Karaoke Corporation, and Nutech Digital, Inc. which are all California corporations, CAVS Multimedia, Inc., a Korean corporation, and Three Boys Ltd., a Cayman Island corporation.[2] The individual Defendants are Aaron K. Han ("Han"), David Su ("Su"), and Lee Kasper ("Kasper").

All of the Plaintiffs are in the business of music publishing, and have an office for licensing and administration of their music copyrights at 8 Music Square West in Nashville, Tennessee. Plaintiffs claim to own some 200 "Subject Works" which are listed in Exhibit A to the Complaint.

---

[1] The "d/b/a's" of those businesses are also listed as Plaintiffs in this action.

[2] The "d/b/a's" of those corporations are also listed as Defendants in this action.

2

Plaintiffs claim infringement by Defendants' manufacturing, distributing, advertising, selling and/or otherwise commercially exploiting "karaoke" recordings containing the "Subject Works." Stated somewhat differently, Plaintiffs claim the Defendants have conducted their various business operations utilizing unauthorized karaoke recordings of the Plaintiffs' music copyrights. This infringement has occurred through both direct distribution and through one or more Internet websites. Plaintiffs claim Defendants are liable for all of Plaintiffs' actual damages (in the form of lost licensing revenues), as well as any and all profits derived by the Defendants as a result of the unauthorized commercialization of unlicensed karaoke recordings. Plaintiffs also seek statutory damages for willful infringement of the "Subject Works," along with attorneys fees and court costs.

Defendants generally deny the allegations in the Complaint.[3] Defendants CAVS, USA, Inc. and its President, Defendant Han, claim CAVS USA, Inc. is a wholesale company that sells electronic hardware (principally karaoke players) and some karaoke software which CAVS, USA purchased from Defendant Nutech, Inc. and other third parties. These Defendants claim all of the allegedly infringing products were purchased with the express understanding and warranty that such products were properly licensed.

Defendants Ace Karaoke Corporation and Su are in the business of distributing karaoke recordings throughout the United States via various distributors/outlets and are not in the business of manufacturing karaoke recordings. As mere distributors, these Defendants contend they

---

[3]The positions of most of the Defendants are set forth in the Initial Case Management Order (Docket Entry No. 54) which was signed by counsel for the Defendants who have been served. The position of CAVS Multimedia, Inc. is not clear from this filing. In their papers filed in support of the Motion to Dismiss or Transfer, Defendants CAVS USA, Inc. and Han claim that CAVS Multimedia is entirely separate from CAVS USA and is a Korean corporation which is owned by Korean nationals.

3

reasonably relied on the manufacturers of the recordings to obtain necessary licenses to use the material.

Defendants Kasper and Three Boys, Ltd. assert they are not liable to Plaintiffs because they did not engage in, or have knowledge of, any of the alleged infringement of Plaintiffs' purported copyrights and did not sell products containing the "Subject Works." To the extent that any products contained infringing works, these Defendants claim they were mere innocent distributors, without knowledge of any unlicensed recordings. Further, Defendant Kasper claims that he cannot be held individually liable because Plaintiffs have not alleged any facts that would support liability against him simply for his role as President of Nutech Digital Inc. and/or founder of Three Boys Ltd.

Defendant NuTech Digital denies that this Court has any personal jurisdiction over it as it does not have the requisite ties to this judicial district to establish such jurisdiction. Further, this Defendant claims that it is under new management and has not had time to sufficiently investigate the allegations in the Complaint. Therefore, this Defendant generally "denies that it took or is liable for any of the actions alleged in the Complaint or that it profited from or participated in any activities alleged in the Complaint." (Docket Entry No. 54 at 5).

## II. LEGAL ANALYSIS

**A. Motion to Consolidate (Docket Entry No. 22)**

Plaintiffs seek to consolidate this action with an action styled Famous Music LLC *et al.* v. CAVS USA, Inc., *et al.*, Case No. 3:07-CV-430 ("Famous Music") which is pending before Judge Trauger in this Court. Plaintiff claims that there are common issues of law and fact between this case and the Famous Music case and that therefore consolidation is warranted.

Rule 42 of the Federal Rules of Civil Procedure provides in relevant part that when actions involving a common question of law or fact are pending before the court, it may "(1) join for hearing

4

or trial any or all the matters in issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary delay or cost." Fed. R. Civ. P. 42(a). "Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources[.]'" Carpenter v. GAF Corp., 1994 WL 47781 at *1 (6th Cir. 1994)(citation omitted). A trial court has discretion in deciding whether to consolidate cases with "[t]he underlying objective [being] to administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992). The party seeking consolidation has the burden of proving that consolidation is appropriate. Phillip M. Adams & Assoc. v. Dell, Inc., 2008 WL 203316 at *2 (D. Utah 2008); Solvent Chemical Co. v. E.I. Dupont De Nemours & Co., 242 F.Supp.2d 196, 222 (W.D.N.Y. 2002); In re Consolidated Parlodel Litig., 12 F.R.D. 441, 444 (D.N.J. 1998).

In this case, Plaintiffs have failed to show that consolidation of this action with the Famous Music case would limit the risk of prejudice or confusion, or that maintenance of this case as a separate action would unduly burden the parties, witnesses, or the Court. While Plaintiffs assert that there are common issues of fact and law inasmuch as in both this action and Famous Music the CAVS Defendants and Defendant Han are alleged to have infringed on Plaintiffs' works[4] via distribution of karaoke players, "the mere existence of common issues . . . does not require consolidation." In re Consolidated Parlodel, 12 F.R.D. at 444. Moreover, the Famous Music case is now dormant because Defendants CAVS USA and Han have settled their claims with Famous Music and the action as to those Defendants has been dismissed with prejudice. That dismissal

---

[4] According to Plaintiffs, Sony/ATV acquired Famous Music LLC in July 2007, after Famous Music was filed.

5

occurred on January 8, 2008 (before this action was even filed), leaving only claims against CAVS Multimedia, Inc. which has not entered an appearance or otherwise defended the action. Given the status of the Famous Music case, as well as the fact that there are many new Defendants in this action who are not Defendants in the Famous Music case, the Court perceives no benefit in consolidating the actions. Accordingly, Plaintiffs Motion to Consolidate will be denied.

**B. Plaintiffs' Motion to Strike Declaration of Aaron K. Han (Docket Entry No. 31)**

In support of the Motion to Dismiss or Transfer, Defendants CAVS USA and Han submitted a Declaration from Han who is the President of CAVS USA. In that Declaration, Han states that the location and place of business of Defendant CAVS USA is Los Angeles, California, that CAVS Multimedia is a Korean company owned by Korean nationals, and that there is no common or cross-ownership, directors, officers or shareholders of CAVS USA and CAVS Multimedia. Han also sets forth the business operations of CAVS USA. Han also repeatedly offers his opinion that all of the karaoke packages produced and distributed by his company contained songs for which copyright licenses had been obtained. It is these latter statements that Plaintiffs find to be objectionable and they move to strike any reference to licensing or contractual agreements because such statements have little or no bearing on any venue or jurisdictional issue, and are based on hearsay.

As a general proposition, motions to strike are disfavored. See, Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Such motions should be granted only "in extraordinary circumstances," such as where "the document is redundant, immaterial, impertinent, or scandalous and this document has caused some prejudice to the opposing party." Reyes v. Seaton Ent., LLC, 2008 WL 400452 at *6 (E.D. Tenn. 2008).

In this case, the Court sees no need to strike Han's Declaration. As Plaintiffs observe, the statements to which Plaintiffs object have no bearing on venue or jurisdiction, or any other matter

6

presently pending before the Court. However, Hans's Declaration also contains statements which are relevant to the present inquiry. Thus, the Court will not strike his Declaration, but notes that it is not relying on any objected-to portion which relates to licensing or contracting in formulating this Memorandum and Order.

**C. Defendants' Motion to Dismiss or Alternatively to Transfer Venue**

Defendants CAVS USA and Han seek dismissal under Rule 12(b)(2) or (3) of the Federal Rules of Civil Procedure on the grounds that this litigation was improperly filed in this Court because the Court lacks jurisdiction over the parties. Alternatively, those Defendants request that the case be dismissed or transferred based on improper venue under 28 U.S.C. §§ 1391(b) or 1406(a), or that the case be transferred for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Plaintiffs object to dismissal or transfer and claim that if the Court looks solely at the present record they can meet the "relatively slight" burden of establishing jurisdiction. Otherwise, Plaintiffs assert that they should be entitled to conduct limited discovery on the issues of venue and jurisdiction.

A valid judgment may be rendered by the Court only if it has jurisdiction over the claims (subject matter jurisdiction) and over the parties (personal jurisdiction). See, Sinchem Int'l Co. Ltd. v Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1191 (2007). In this case, Defendants CAVS USA and Han do not contest that this Court has subject matter jurisdiction, but claim that the Court lacks personal jurisdiction over them.

In order for this Court to have personal jurisdiction over a defendant, the plaintiff must show the defendant has sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Young v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003).

7

Minimum contacts exist where the defendant purposefully avails itself of the privilege of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). A defendant who invokes the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. "General jurisdiction is established 'when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 213, 218 (6th Cir. 2006)(citation omitted). Specific jurisdiction "'subjects the defendant to 'suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum.'" Id. (citation omitted).

In this case, the record is not sufficient to establish whether or not this Court has general or specific personal jurisdiction over Defendants CAVS USA and Han, or any other Defendant for that matter. It is also insufficient to make a determination as to whether transfer of this action to the Central District of California is warranted. Further, the position of other Defendants on the issue of jurisdiction and venue is not clear from the filings before the Court.

On the one hand, Defendants Han and CAVS USA submit the Declaration of Han in which he claims that neither he nor CAVS USA have offices in Tennessee or are licensed to do business in Tennessee. He also claims that neither he Nor CAVS USA promote services in Tennessee. Han also maintains that CAVS USA's records and other potentially relevant evidence are located in Los Angeles, and that most of the relevant witnesses reside in California. These Defendants also argue that all of the Defendants are located in California and that the only reason Plaintiffs filed suit here is for the convenience of counsel.

8

On the other hand, Sony/ATV has submitted webshots of CAVS USA's website which purports to show infringing products available for sale in Tennessee, along with evidence which indicates sales by CAVS USA or other Defendants of the offending products to citizens in Tennessee. Defendants have also submitted the Declaration of Jeffrey D. Smarr ("Smarr"), the Global Copyright Administrator for Sony/ATV Music in which he claims that while Sony/ATV has offices in California, virtually all of the documents are located elsewhere, and that the Nashville office is the primary office for the administration of all copyrights owned or administered by Sony/ATV. Smarr also claims that most of Plaintiffs' witnesses are located in Nashville, Tennessee, although some witnesses may come from Sony/ATV's office in New York or Miami. Plaintiffs also claim that while Defendants may be located in California, most of the Defendants have either conceded that jurisdiction and venue is proper in this Court, or that they intend to submit to this Court's jurisdiction and venue.

Issues relating to personal jurisdiction and venue are highly fact-intensive. The Supreme Court has noted that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13 (1978). In recognition of this, several courts have deferred ruling on motions to dismiss for lack of personal jurisdiction and/or to change venue until the parties have had an opportunity to conduct discovery relating to establishing jurisdiction and/or the convenience of the parties and witnesses. See, In re American Continental Corp., 102 F.3d 1524, 1543 ("a proper application of section 1404(a) often depends on information obtained through discovery"), rev'd on other grounds, Lexcon Inc. v. Milberg Wiess Bershad Hynes & Lerach, 523 U.S. 26 (1998); Roberti v. Longworth, 164 F.Supp.2d 395, 395-96 (S.D.N.Y. 2001)(denying motion to transfer "without prejudice to any application by any party to be made after pretrial discovery has been concluded, and the names and

9

locations of necessary witnesses have been ascertained"); Controlotron Corp. v. Perry Printing Corp., 1990 WL 86085 (D.N.H. 1990)(denying motion to dismiss or transfer without prejudice and ordering parties to "engage in discovery limited to ascertaining facts relevant to the issues of jurisdiction and venue").

In this case which was only recently filed, the Court determines that the parties should be allowed to take discovery before the Court rules on the Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue, so that both the parties and the Court will be better able to examine whether the case should proceed here or in an alternative forum. For that reason, the Motion to Dismiss or to Transfer Venue will be denied, but that denial will be without prejudice to refiling the Motion after the parties have conducted discovery on the issues relating to jurisdiction and the appropriate venue for this action. [5]

### III. CONCLUSION

On the basis of the foregoing, Plaintiffs' "Motion to Consolidate Cases" (Docket Entry No. 22) will be denied. Plaintiffs' "Motion to Strike the Declaration of Aaron K. Han" (Docket Entry No. 31) will also be denied. Plaintiffs' "Motion for Expedited Discovery on Jurisdictional Issues and to Stay Defendants' Motion to Dismiss" (Docket Entry No. 50) will be granted in part and denied in part. Finally, the Court will deny Defendant CAVS USA, Inc.'s and Defendant Aaron K. Han's "Motion to Dismiss under 12(b)(2) and (3); or in the Alternative to Dismiss or Transfer for Improper Venue Under 28 U.S.C. §§ 1391(b) and 1406(a); or Alternatively to Transfer Venue for Convenience Under 28 U.S.C. § 1404(a )" (Docket Entry No. 18), although Defendants will be

---

[5]In light of this ruling which allows limited discovery and denies without prejudice Defendants' Motion to Dismiss or Transfer, Plaintiffs' "Motion for Expedited Discovery on Jurisdictional Issues and to Stay Defendants' Motion to Dismiss" (Docket Entry No. 50) will be granted insofar as Plaintiffs seek expedited discovery on jurisdictional issues, but denied insofar as Plaintiffs request a stay of any ruling on Defendants' Motion to Dismiss.

afforded the opportunity to re-file their Motion after the parties have conducted discovery relating to this Court's personal jurisdiction over this action.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE