UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:08-0265 |
| | ) Judge Echols |
| CAVS USA, INC., a California corporation, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Pending before the Court are numerous Motions in this copyright infringement and unfair competition action. Those Motions have been fully briefed by the parties. After setting forth the basic background facts, the Court will consider the Motions under separate subheadings and expand on the facts where necessary for resolution of a particular motion.

## I. FACTUAL BACKGROUND

This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and for unfair competition under state law. All of the Plaintiffs are in the business of music publishing, and have an office for licensing and administration of their music copyrights at 8 Music Square West in Nashville, Tennessee. Plaintiffs claim to own thousands of "Subject Works" which were allegedly infringed by Defendants' manufacturing, distributing, advertising, selling and/or otherwise commercially exploiting "karaoke" recordings containing the "Subject Works." Basically, Plaintiffs claim the Defendants have conducted their various business operations utilizing unauthorized karaoke recordings of the Plaintiffs' music copyrights. This alleged infringement has occurred through both direct distribution and through one or more Internet websites.

1

There are numerous corporate and individual Defendants in this action, although Defendants CAVS, USA, Inc. and its President, Defendant Han, (collectively "CAVS USA Defendants") have taken the lead in filing Motions in response to Plaintiffs' allegations. According to those Defendants, CAVS USA, Inc. is a wholesale company that sells electronic hardware (principally karaoke players) and some karaoke software which CAVS, USA purchased from Defendant Nutech, Inc. and other third parties. These Defendants claim all of the allegedly infringing products were purchased with the express understanding and warranty that such products were properly licensed. Moreover, they claim that CAVS Multimedia, Inc.,[1] a wholly separate Korean corporation owned by Korean nationals, is an indispensable party to this action.

Defendants Ace Karaoke Corporation ("Ace") and David Su ("Su") are in the business of distributing karaoke recordings throughout the United States via various distributors/outlets and are not in the business of manufacturing karaoke recordings. As mere distributors, these Defendants contend they reasonably relied on the manufacturers of the recordings to obtain necessary licenses to use the material.

Defendants Lee Kasper ("Kasper") and Three Boys, Ltd. ("Three Boys") assert they are not liable to Plaintiffs because they did not engage in, or have knowledge of, any of the alleged infringement of Plaintiffs' purported copyrights and did not sell products containing the "Subject Works." To the extent that any products contained infringing works, these Defendants claim they were mere innocent distributors, without knowledge of any unlicensed recordings. Further,

---

[1] CAVS Multimedia was named as a Defendant in the original Complaint. Subsequently, Plaintiffs moved to voluntarily dismiss that Defendant, which prompted a challenge by Defendants CAVS USA and Han. In their First Amended Complaint and now governing Second Amended Complaint, Plaintiffs do not sue CAVS Multimedia.

2

Defendant Kasper claims Plaintiffs have not alleged any facts which would warrant holding him individually liable.

Defendant NuTech Digital ("NuTech"), which allegedly does business under various names, denies that this Court has any personal jurisdiction over it as it does not have the requisite ties to this judicial district to establish such jurisdiction. Further, this Defendant generally denies that it is liable for any of the actions alleged in the Complaint or that it profited from any activities alleged in the Complaint.

## II. LEGAL ANALYSIS

As indicated, presently pending before the Court are numerous motions, most of which have been filed either by Plaintiffs or the CAVS USA Defendants. Some of the Motions overlap and a common theme in several of the Motions is whether CAVS Multimedia is indispensable to this action. Because of the interplay of some of the Motions, the Court will not address the Motions in the order of their chronological filing.

### A. Defendants' Renewed Motion to Dismiss or Alternatively to Transfer Venue (Docket Entry No. 123)

By Order entered June 10, 2008 (Docket Entry No. 75), the Court denied without prejudice the CAV USA Defendants' initial Motion to Dismiss or Transfer (Docket Entry No. 18) and allowed the parties to engage in limited discovery on the issue of jurisdiction and venue. That discovery having been completed, Defendants CAVS USA and Han renew their request for dismissal under Rule 12(b)(2) or (3) of the Federal Rules of Civil Procedure on the grounds that this litigation was improperly filed in this Court because the Court lacks jurisdiction over the parties. Alternatively, those Defendants request that the case be dismissed or transferred based on improper venue under

3

28 U.S.C. §§ 1391(b) or 1406(a), or that the case be transferred for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Plaintiffs object to dismissal or transfer.[2]

1. **Jurisdiction and Venue**

The burden to establish the jurisdiction of the Court is on the plaintiff. Third Nat'l Bank v. Wedge Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989); Inter-City Prod. Corp. v. Willey, 149 F.R.D. 563, 570 (M.D. Tenn. 1993). The plaintiff also bears the burden of showing that venue is proper. Gomberg v. Shosid, 2006 WL 1881229 at *9 (E.D. Tenn. 2006). On a motion to dismiss for improper venue, a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. Gone to the Beach, LLC v. Choicepoint Serv., 2006 WL 1645046 at *2 (W.D. Tenn. 2006); Audi AG v. Izumi, 204 F.Supp.2d 1013, 1017 (E.D. Mich. 2002).

In order for this Court to have personal jurisdiction over the Defendants, the Plaintiffs must show the Defendants have sufficient minimum contacts with Tennessee such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Minimum contacts exist where the Defendants purposefully avail themselves of the privilege

---

[2]The Motion to Dismiss or Transfer is directed at the First Amended Complaint, which is now superseded by the Second Amended Complaint. However, because there are no substantive changes with respect to the jurisdiction and venue issues, it is appropriate to consider the Motion to Dismiss or Transfer as being directed at the now-controlling Second Amended Complaint. See, Finch v. Finch, 2009 WL 310776 at *1 (S.D. Ill. 2009); Yates v. Applied Performance Tech., Inc., 205 F.R.D. 497, 499 (S.D. Ohio 2002). Requiring Defendants to merely refile their Motion to Dismiss in response to the same allegations relating to jurisdiction and venue would be a waste of time and resources, both for the parties and the Court. See, Milsap v. U-Haul, 2006 WL 3797731 at *2 (D. Ariz. 2006); New England Life Ins. Co. v. Linkowski, 2007 WL 2008497 at *1 n.2 (W.D. Pa. 2007). The same holds true with respect to the Motion to Dismiss the First Amended Complaint for Failure to Join an Indispensable Party (Docket Entry No. 164), which will be discussed in the next section of this Memorandum.

4

of conducting activities within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Defendants who invoke the benefit and protections of the state's laws "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A court may have either general or specific jurisdiction over a defendant. Fortis Corporate Ins. v. Viken Ship Mgmt., 450 F.3d 213, 218 (6th Cir. 2006). General jurisdiction is proper only if a defendant's contacts with the forum state are so extensive as to be characterized as "continuous and systematic." Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction, on the other hand, only requires that the conduct giving rise to the present litigation have a connection to the forum state. In Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit held that specific jurisdiction exists where 1) the defendant has purposefully availed itself of benefits from acting or caused a consequence within the forum state; 2) the cause of action arises from the defendant's acts or such consequences; and 3) the connection between the defendant and forum state is sufficiently substantial to make jurisdiction in the court reasonable.

In asserting that this Court lacks personal jurisdiction, the CAVS USA Defendants argue that, aside from allegations relating to internet sales, there is no evidence to support personal jurisdiction over them. Specifically, they note that there are no allegations that CAVS USA maintains an office, is licensed to do business, has assets, directs its business operation from, or engages in any direct marketing in Tennessee. Nor are there any allegations that Defendant Han, a California resident, had any contact with Tennessee, other than in his role as President of CAVS, USA.

5

Merely because a defendant "maintains a website that is accessible to anyone over the Internet is insufficient to justify" personal jurisdiction. Bird v. Parsons, 289 F.3d 865, 874 (6th Cir. 2002). "The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an 'attenuated' contact that fails short of purposeful availment." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 890 (6th Cir. 2002).

However, there are differing levels of interactivity with Internet websites. As the Sixth Circuit has explained:

> In order to determine whether an operator of a website purposefully availed himself of the forum state, the Court looks at the website's level of interactivity. . . . There are generally three levels of interactivity of websites, including: (1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and/or form contracts; and (3) hybrid or interactive sites that allow users to "exchange information with the host computer."

See, Inc. v. Imago Eyewear, Ltd., 167 Fed. Appx. 518, 522 (6th Cir. 2006). Purposeful availment is shown "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state" and welcomes such interaction. Neogen, 282 F.3d at 890.

In this case, CAVS USA's website which offered allegedly infringing materials for download was not passive, but instead was interactive. The website provided prices and invited orders for download and it welcomed business from its viewers, including those in Tennessee.

A webshot of CAVS USA webpage indicates that on March 4, 2007, it was offering over 30,000 karaoke songs for sampling and/or download. In fact, according to documents that were filed in opposition to the Renewed Motion to Dismiss or Transfer, CAVS USA, Inc. sold downloads of infringing songs to over 100 customers in all parts of Tennessee. While Defendant CAVS USA insists that those sales were but a small fraction of its overall sales, the Sixth Circuit has indicated that "[t]he proper test for personal jurisdiction is not based on a 'percentage of business' analysis .

6

. . , but rather on whether the absolute amount of business conducted by [Defendants in Tennessee] represents something more than 'random, fortuitous, or attenuated contacts with the state." Neogen, 282 F.3d at 891-92 (citation omitted). "Even a single act by a defendant deliberately directed toward a Tennessee resident that gives rise to a cause of action can support a finding of purposeful availment[.]" SSM Ind. v. Fairchild Apparel Group, Inc., 2004 WL 1109547 at *6 (E.D. Tenn. 2004)(collecting cases). Further, although customers from Tennessee requested the download, CAVS USA could not provide those downloads to Tennessee residents or accept payment from such residents without reaching out to customers in Tennessee. Neogen, 282 F.3d at 892.

Other judges of this Court have considered the purposeful availment prong of Mohasco in conjunction with the distribution of karaoke songs over the internet. For example, Judge Wiseman in World Music, LLC v. Priddis Music, Inc., 2007 WL 3231835 at *7 (M.D. Tenn. 2007) found purposeful availment to conduct business in Tennessee where the evidence showed defendant maintained an interactive website which allowed the purchaser to download songs in Tennessee, there was at least one confirmed sale to a Tennessee resident, and defendant obviously expected additional sales. In Famous Music, Inc. v. Stellar Records, Inc., Case No. 3:06-00941, Docket Entry No. 74 at 12 (M.D. Tenn. 2007), Judge Haynes found further support for his conclusion that defendants purposefully availed themselves of the benefits of Tennessee law where defendants had interactive websites which allowed the purchase of karaoke discs and were designed to secure ongoing sales in Tennessee, even though the defendants had "small sales in Tennessee through their websites[.]"

The maintenance of an interactive website should also be considered in light of other contacts with the forum state. Neogen, 282 F.3d at 890. In his Declaration, Defendant Han admits that

7

CAVS USA has entered into "business contracts" with Tennessee Production Center in Seymour, Tennessee and that "[a]n additional 2.5% of karaoke products that do not concern the plaintiffs' copyrights have been sold to Tennessee residents through internet sales." (Docket Entry No. 125, Han Decl. ¶¶ 28 & 30). Additionally, Plaintiffs allege that Defendants CAV USA and Han advertise, distribute and sell infringing disks to other internet karaoke distributors such as "dorectkaraoke.com" and "diskaraoke.com", which, in turn, resell the disks throughout the world, including in Tennessee. While the mere fact that a company provides infringing product to a distributor for sale nationally is insufficient to constitute purposeful availment, Bridgeport Music, Inc. v. Still N The Water Publ'g., 327 F.3d 472, 480 (6th Cir. 2003)[3], the Court finds that Defendant CAVS USA's maintenance of a website, coupled with its contracts with a Tennessee resident and its marketing of karaoke songs through its distributors, shows a purposeful availment of the laws and protections of this forum.

As for Defendant Han, he argues that as a corporate officer of Defendant CAVS USA, the acts of the corporation do not subject him to personal jurisdiction. Han states that he is a resident of California, he has never traveled to Tennessee, and that the contracts which were entered into between CAVS USA and Tennessee Production Center were by telephone and e-mail.

The Sixth Circuit has reviewed its case law in regard to personal jurisdiction over corporate officers as follows:

> While it is true that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation," . . . we hold that the mere fact that the actions connecting defendants to the state were undertaken in

---

[3] In Bridgeport, the Sixth Circuit adopted the "stream of commerce plus" theory set forth by Justice O'Connor in Ashi Metal Indus. Co. v. Superior Court, 420 U.S. 102, 111-13 (1987). Under that theory, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Id. at 112.

8

> an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants. Hence, where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e*., whether []he purposely availed h[im]self of the forum and the reasonably foreseeable consequences of that availment.

Balance Dynamics Corp. v. Schmitt Industries, Inc., 204 F.3d 683, 698 (6th Cir. 2000)(citations omitted). Further, under Tennessee law, the fiduciary shield doctrine precludes jurisdiction over an individual acting exclusively as a corporate officer on behalf of a bona fide corporation, but the doctrine does not apply if the corporation is not viable and the individual is conducting personal business and using the corporation as a shield. Boles v. Nat'l Development Co., 175 S.W.3d 226, 250 (Tenn. Ct. App. 2005).

Plaintiffs' primary claim in this Court is copyright infringement. "Courts within virtually every circuit" have held that officers of a corporate body may be vicariously liable for the copyright infringement of the corporation where they have the right and ability to supervise the infringing activity, and have a financial interest in that activity. MDY Indus., LLC v. Blizzard Enter., Inc., 2009 WL 223631 at *10 (D. Ariz. 2009)(colleting cases); see Costar Realty Information, Inc. v. Meissner, 2009 WL 750216 at *6 (D. Md. 2009). When a corporate individual with a financial interest in the company and the ability to supervise or control infringing activities causes or directs the infringing activity in a given state, that individual is subject to jurisdiction in that state. Mag Jewelry Co. v. Cherokee, Inc. 2004 WL 825588 at *2 (E.D.N.Y. 2005). Further, where a corporate officer potentially faces personal liability for tortious activity, the fiduciary shield doctrine is inapplicable. See, Powerhouse Productions, Inc. v. Widgery, 544 F.Supp.2d 672, 678 (E.D. Tex. 2008).

Construing the facts in Plaintiffs' favor, they are alleging that Han is the President of CAVS USA; that he personally and knowingly participated in infringing activities; that he was the decisionmaker; that he authorized and capitalized on infringing activities; that, together with Defendant CAVS USA, he has participated in the advertising, promoting, and selling of unlicensed recordings over the internet and on karaoke machines; that he knew or had reason to know of the infringing activities of the other Defendants; that he possessed the ability to control the infringing activities of the other Defendants and that he financially benefitted from such activity. (First and Second Amended Complaint ¶¶ 11, 18, 33, 59, 79). Further, in opposition to the Renewed Motion to Dismiss or Transfer, Plaintiffs have submitted evidence that Tennessee Production Center dealt with Defendant Han (as opposed to someone else at CAVS USA) in relation to the contracts for karaoke downloading which are alleged to infringe Plaintiffs' copyrights. Given these representations which the Court accepts as true for present purposes,[4] and further given that a plaintiff need only establish a *prima facie* case that the Court has personal jurisdiction over a defendant, see, Preferred Capital, Inc. v. Assoc. in Urology, 453 F.3d 718, 720 (6th Cir. 2006), the Court will not dismiss Defendant Han on the basis that he was acting strictly in a corporate capacity and is thus shielded from liability.

Having determined that the CAV USA Defendants purposefully availed themselves of Tennessee law, two inquiries remain under Mohasco: (1) whether Plaintiffs' claims "arise from" CAVS USA's activities in Tennessee; and (2) whether the exercise of jurisdiction is reasonable in

---

[4] The CAV USA Defendants have filed a Motion for Leave to File Supplemental Reply Memorandum with respect to their Motion to Dismiss or Transfer (Docket Entry No. 194) and that Motion will be granted. In their Supplemental Reply, those Defendants challenge some of the representations made by Plaintiffs. At most, those challenges raise factual issues, which are certainly not resolvable on a Motion to Dismiss.

light of the connection between CAVS USA and Tennessee. Those factors are clearly met in this case.

"The exercise of specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." Harris v. Lloyds TSB Bank, PLC, 281 Fed. Appx. 489, 494 (6th Cir. 2008). The Sixth Circuit has "articulated the standard for this prong in a number of different ways, such as whether the causes of action were 'made possible by' or 'lie in the wake of' the defendant's contacts, or whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state[.]" Air Products and Controls, Inc. v. Safetech Intern., 503 F.3d 544, 553 (6th Cir. 2007). This is a "lenient standard" and indeed "the cause of action need not 'formally arise' from defendant's conduct." Id.

In this case, Plaintiffs' claims "were made possible by," "connected to," and "lie in the wake" of Defendant CAVS USA's marketing and distributing of alleged infringing products in Tennessee, as well as in other states. Plaintiffs' allegations that the CAVS USA Defendants committed violations of copyright law by selling and soliciting sales of music recordings that infringe Plaintiffs' copyrights throughout the United States (including Tennessee), and that such sales caused them injury in Tennessee where Plaintiffs conduct business is sufficient to meet the "related to" prong of Mohasco. World Music, 2007 WL 3231835 at *9.

Finally, Defendants CAVS USA's actions have a substantial enough connection to Tennessee to make the exercise of jurisdiction over them reasonable. The Sixth Circuit has described the reasonableness requirement as follows:

> This requirement exists because "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." . . . However, "where a defendant who purposefully has directed his activities at forum residents seeks to

11

> defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." . . . Moreover, where, as here, the first two criteria are met, "an inference of reasonableness arises" and "only the unusual case will not meet this third criterion." . . . In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.

Air Products, 503 F.3d 554-555.

In this case, Tennessee has a legitimate interest in curtailing allegedly unlawful activities within its borders and that remains so even where a federal question is presented. World Music, 2007 WL 3231835 at *10. Further, Plaintiffs have an interest in obtaining relief as efficiently and expeditiously as possible. Id. While California has an interest in protecting a company whose principal business is in that state and while there will be a burden on CAVS USA to litigate in this forum, CAV USA has not presented a compelling case that jurisdiction is otherwise unreasonable. See, Air Products, 503 F.3d at 555 ("Because there is an inference of reasonableness when the first two [Mohasco] prongs are satisfied, and because there are no considerations put forward by Defendant[] to overcome or contradict that inference, the exercise of jurisdiction is reasonable[.]").

In light of the foregoing, the Court finds that it has personal jurisdiction over Defendants CAVS USA and Han. Because of that conclusion, the Court need not separately address the issue of venue since, in copyright cases, venue is proper in a judicial district where the defendant is subject to personal jurisdiction. See, J4 Promotions, Inc. v. Splash Dogs, LLC, 2009 WL 385511 at *26 (N.D. Ohio 2009); Capital Records, LLC v. VideoEgg, Inc., 2009 WL 614727 at *10 (S.D.N.Y. 2009).

12

## 2. Alternative Request to Transfer

Section 1404(a) of Title 28 provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden of showing a need for transfer is on the defendant and "is considerable: 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Big G. Exp., Inc. v. Leviton Mfg. Co., 2008 WL 2400947 at *2 (M.D. Tenn. 2008)(citation omitted). A decision on whether to transfer lies within the broad discretion of the trial court. Bunting ex rel. Gray v. Gray, 2 Fed. Appx. 443, 448 (6th Cir. 2001).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric 'interest of justice.'" Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006)(citation omitted). Therefore, in deciding whether the present forum is inconvenient, the Court considers a number of factors, including (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the location of the events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice of forum. Id.; Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002); Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991); Moeckel v. Caremark Rx, Inc., 385 F.Supp.2d 668, 686 (M.D. Tenn. 2005). Plaintiffs' choice of forum should be given weight, although this factor is not dispositive. Lewis v. ACB Business Servs., Inc. 135 F.3d 389, 413 (6th Cir. 1998).

13

Having analyzed the various factors, the Court exercises its discretion and determines that it would not be in the interest of justice to transfer this case.

The convenience of the witnesses is often considered to be the most important factor when determining which forum is the most convenient. See, Romanowski v. RNI, LLC, 2007 WL 323019 at *3 (N.D. Cal. 2007); American Steamship Owners v. LaFarge North America, Inc., 2007 WL 214408 at *6 (S.D.N.Y. 2007); Olberding v. Union Pacific R.R. Co., 2007 WL 148816 at *2 (W.D. Mo. 2007). However, the determination of the convenience of witnesses is not merely a "head count," but includes a consideration of the importance of each witness and "includes both non-party witnesses outside the scope of the Court's subpoena power and the geographic location of any witnesses likely to testify in the case." Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 2007 WL 412429, at *8 (S.D. Cal. 2007). That is, "when considering this factor, it is not so much the convenience of the witnesses, but the possibility of having their testimony at trial." Steifel Lab., Inc. v. Galderma Lab., Inc., 588 F.Supp.2d 1446, 1341 (S.D. Fla. 2008). For that reason, "the party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." Id.; accord, Big G. Exp., 2009 WL 2400947 at *2; Qualmark Corp. v. Data Physics, Corp., 2008 WL 4427079 at *2 (D. Colo. 2008).

In their moving papers, the CAV USA Defendants make no effort to specify the key witnesses they expect to call in this case or the significance of their testimony, other than to say that all of the individual Defendants reside in Los Angeles and that "because California is the state in which the most CAVS USA products are sold, the greatest number of its customer third party witnesses would most likely be there." (Docket Entry No. 124). This is insufficient for the Court to make an informed judgment about the convenience of the witnesses, particularly since the attendance

14

of individual defendants and the corporate employees can be compelled. Qualmark Corp., 2008 WL 4427079 at *2 n.2. In contrast, Plaintiffs have presented evidence to suggest that, with the possible exception of two witnesses, all of their witnesses are from Tennessee and the two that are not are officer/employees of Plaintiffs.

The CAV USA Defendants also urge transfer on the grounds that virtually all of the Defendants have their principal places of business in California and the majority of their documents are located there. While the majority of Defendants may in fact call California home, it is interesting that the CAV USA Defendants stand alone in making the request for transfer, and most of the Defendants have explicitly conceded to venue in this Court. Further, Plaintiffs represent that the primary office for the issuance of licenses and administration of their music copyrights is in Nashville, Tennessee, even though Plaintiffs have other offices. As for the issue of documents, this appears evenly balanced insofar as the bulk of the Defendants' documents are in California and the bulk of Plaintiffs' documents are in Tennessee and, in any event, this factor is generally considered neutral given the present technology for producing documents in distant places. See, Walker v. Jon Renau Collection, Inc., 423 F.Supp.2d 115, 118 n.3 (S.D.N.Y. 2005).

This dispute involves the infringement of copyrights that allegedly occurred in this district and elsewhere, and the Court determines that it is in the interest of justice to keep the case in this Court. See, American Airlines, Inc. v. Rogerson ATS, 952 F.Supp. 377, 384 (N.D. Tex. 1996)("There is a substantial possibility of delay if this action is transferred to California since this Court has had the case for some time and is already familiar with many of its details" and "the Court has already entered an initial scheduling order in this case and a transfer would disrupt that schedule"). The parties thus far have been litigating the case in this Court for over a year and,

15

indeed, the docket sheet has over 240 separate entries. Accordingly, the CAV USA Defendants' alternative request that this case be transferred pursuant to 28 U.S.C. § 1404(a) will be denied.

**B. Defendants' Motion to Dismiss For Failure to Join An Indispensable Party or in the Alternative Motion for Order of Joinder (Docket Entry Nos. 164 and 171) and Plaintiffs' Motion to Voluntarily Dismiss the Defendant CAVS Multimedia (Docket Entry No. 121)**

Defendants CAV USA, Kasper and Three Boys seek to dismiss this action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure on the ground that Plaintiffs have failed to join an indispensable party; to wit, CAVS Multimedia. Alternatively, they request the Court order that CAVS Multimedia be made a party to this action pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.[5]

Under Rule 12(b)(7), an action is subject to dismissal if a plaintiff fails to join a necessary party under Rule 19. Under Rule 19(a), a party is necessary, and where feasible should be joined, if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). "A person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" Glancy v. Taubman Centers, Inc., 272 F.3d 656, 664 (6th Cir. 2004)(citation omitted).

---

[5]Plaintiffs and the CAV USA Defendants have filed Motions for Leave to File Reply and Surreply briefs to the Motion to Dismiss or for Joinder (Docket Entry Nos. 172, 184, 185, 197 & 198). Those Motions will be granted and the Court has considered the arguments raised in the surreplies in formulating this Memorandum.

16

In seeking dismissal under Rule 12(b)(7) or the joinder of CAVs Multimedia under Rule 19, Defendants argue:

> Plaintiffs seek to impose liability upon CAVS USA for activities committed by CAVS Multimedia, Inc. ("Multimedia") relative to Multimedia's karaoke download service. However, before Plaintiffs can try to establish that CAVS USA is jointly and severally liable, they must first establish that Multimedia offered its download service without the requisite licenses. If Multimedia possesses the proper licenses for its download service, then there is no copyright infringement associated with the download service and CAVS USA is therefore incapable of engaging in copyright infringement relative to Multimedia's download service. Thus, as long as Plaintiffs maintain a claim that CAVS USA committed copyright infringement associated with Multimedia's activities relative to Multimedia's karaoke download service, the presence of Multimedia is needed for a just adjudication of this matter.

(Docket Entry No. 172-2 at 2). However appealing such arguments might appear in the abstract, they fail to give due recognition to the fact that Plaintiffs are suing for copyright infringement, that, according to Defendant Han himself, the cavsusa.com website had a link to a CAVS Multimedia website which hosted the allegedly infringing material, and Plaintiffs have presented evidence (although contested) that Tennessee Production Center negotiated directly with Defendant Han to supply allegedly infringing karaoke recordings from CAV USA's website and received payment from CAVS USA for such recordings.

It is true that in order to establish a copyright infringement claim a plaintiff must prove (1) ownership of the copyright by the plaintiff and (2) copying by the defendant. Zomba Enter. Inc. v. Panorama Records, Inc., 491 F.3d 574, 571 (6th Cir. 2007). However, copyright infringement is a strict liability offense in the sense that it does not require that Plaintiffs demonstrate Defendants' intent to infringe, or even knowledge of the infringement. See, Sony BMG Music Enter. v. Willis, 2008 WL 2120837 at *3 (S.D. Ohio 2008); King Records, Inc. v. Bennett, 438 F.Supp.2d 812, 852 (M.D. Tenn. 2006). Moreover, like other tortfeasors, infringers are jointly and severally liable. See,

17

BUC Intern. Corp. v. Intern. Yacht Council Ltd., 517 F.3d 1271, 1278 (11th Cir. 2008); Davis v. Blige, 505 F.3d 90, 103 (2d Cir. 2007).

The notion that joint and several liability attaches to infringers has implications with regard to the necessity of parties. As the Seventh Circuit has explained:

> . . . Under the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement, Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 360 (2d Cir. 2000); Costello Publishing Co. v. Rotelle, 670 F.2d 1035, 1043 (D.C.Cir. 1981); 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[E][2][d] (2004), the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor. The defendant may have a right to contribution (i.e., to a sharing of the pain) from the other tortfeasors, but the victim is not required to sue more than one of his oppressors. A rule automatically deeming joint tortfeasors indispensable parties to suits against each of them would be inconsistent with this common law principle and is therefore rejected. Temple v. Synthes Corp., 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (U.S. 1990) (per curiam); Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1176 (7th Cir.1991); see also Pujol v. Shearson/American Express, 877 F.2d 132, 136 (1st Cir.1989).
> 
> The principle and its application to indispensability are practical. To require the victim of a joint tort to sue all the joint tortfeasors would have the perverse effect of making it more difficult for plaintiffs to obtain relief the greater the number of their tormentors by increasing the plaintiffs' litigation expense and also, as in this case, by curtailing their choice of forum. This consideration argues for a presumption against deeming unjoined joint tortfeasors indispensable parties.

Salton, Inc. v. Phillips Domestic Appliances, 391 F.3d 871, 877 (7th Cir. 2004); see, Bouchat v. Bon-Ton Dept. Stores, Inc., 506 F.3d 315, 318 (4th Cir. 2007)(indicating that Salton sets forth the "settled" rule that "a copyright holder may exercise discretion in suing as many co-infringers as he chooses"); Costello Publ'g. Co. v. Rotelle, 670 F.2d 1035, 1043 (D.C. Cir. 1981)("Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties.").

None of this is to say that Defendants are responsible for any wrongdoing of CAVS Multimedia, as Defendants can only be found liable for their own conduct. It is to say, however, that while Plaintiffs may or may not have viable claims against CAVS Multimedia for direct, contributory or vicarious infringement, they are not required to forego claims they may have against the Defendants who are already in this action simply because such claims against others might exist.

In this regard, the Court rejects the arguments raised by Defendants CAVS USA and Han in their most recent supplemental filings (Docket Entry Nos 197 & 198) to the effect that because Sony/ATV recently sent correspondence to CAVS Multimedia terminating a licence CAVS Multimedia had obtained from the Korean Music Copyright Association, Cavs Multimedia must be joined in this lawsuit. When the Second Amended Complaint is construed in Plaintiffs' favor, Plaintiffs are not arguing that CAVS USA is liable for contributory infringement based upon anything done by CAVS Multimedia, but instead Plaintiffs' claims against CAVS USA and Han are that those Defendants have manufactured, reproduced, distributed, advertised, promoted and offered for sale copies of the subject works in the form of karaoke recordings and/or karaoke players and/or karaoke downloads.

The conclusion that CAVS Multimedia is not an indispensable party renders moot Plaintiffs' Motion to Dismiss the Defendant CAVS Multimedia (Docket Entry No. 121). Moreover, that Motion was filed before Plaintiffs filed their Amended Complaint and Second Amended Complaint, neither of which names CAVS Multimedia as a Defendant.

### III. CONCLUSION

For the foregoing reasons, Defendants' Renewed Motion to Dismiss or Alternatively to Transfer (Docket Entry No. 123) and the Motion to Dismiss or Alternatively for Order of Joinder

19

(Docket Entry No. 164) will be denied. Plaintiffs' Motion to Voluntarily Dismiss the Defendant CAVS Multimedia (Docket Entry No. 121) will be denied as moot. Finally, Plaintiffs' and Defendants' Motions to File Replies and Surreplies (Docket Entry Nos. 172, 184, 185, 194, 197 & 198)) will be granted.

      An appropriate Order will be entered.

                                              ROBERT L. ECHOLS
                                              UNITED STATES DISTRICT JUDGE